IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES STEEL CORPORATION,<br>　　　　Defendant,<br><br>and<br><br>UNITED STEELWORKERS OF AMERICA, LOCAL 1557,<br>　　　　Defendant. | CIVIL ACTION NO.<br><br>**C O M P L A I N T**<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008, Pub. L. 110-325, and Title I of the Civil Rights Act of 1991 to correct unlawful employment policies and practices on the basis of disability and to provide appropriate relief to Charging Party Abigail DeSimone and similarly situated probationary employees of Defendant United States Steel Corporation ("Employer") who were adversely affected by such policies and practices. As alleged with greater particularity in paragraphs 8 and 10 below, Defendant Employer has a medical testing policy which violates the Americans with Disabilities Act. Pursuant to its policy, Defendant Employer subjected Ms. DeSimone and other probationary employees to random breath alcohol tests and discharged her, and others, when a positive result occurred.  Defendant Employer continues to subject its

probationary employees who are subject to the relevant bargaining agreement to random alcohol tests that are not job-related and consistent with business necessity.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6; and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania, and other jurisdictions.

## PARTIES

3.  Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3) and 2000e-6.

4.  At all relevant times, Defendant United States Steel Corporation (the "Defendant Employer"), has continuously been a Delaware corporation doing business in the Commonwealth of Pennsylvania and the City of Clairton, as well as other jurisdictions, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant United Steelworkers of America, Local 1557 (the "Defendant Union"), has continuously been an association of participating employees which deals with employers concerning terms and conditions of employment, and has continuously had at least 15 members has continuously been a party to the collective bargaining agreement between it and Defendant Employer. At all relevant times, Defendant Union has been the recognized collective bargaining representative for employees of the Defendant Employer.

8. Defendant Union is joined in this action solely as a Federal Rule of Civil Procedure 19(a) defendant because it is an essential party to the collective bargaining agreement which contains the alcohol-testing policy which is being challenged in this litigation. Without Defendant Union's presence in this litigation, Plaintiff EEOC cannot obtain complete injunctive relief it seeks.

9. Defendant Union is joined in this action solely as a Federal Rule of Civil Procedure 19(a) defendant because it has an interest in the language and enforcement of the collective bargaining agreement between it and Defendant Employer and

Defendant Union's absence from this litigation may as a practical matter impair or impede its ability to protect that interest.

10. At all relevant times, Defendant Union has continuously been a labor organization engaged in an industry affecting commerce under Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(d) and (e) of Title VII, 42 U.S.C. §§ 2000e(d) and (e).

11. At all relevant times, Defendant Union has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

12. More than thirty days prior to the institution of this lawsuit, Abigail DeSimone filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Since at least January 2006, Defendant Employer has engaged in a continuing course of unlawful employment practices at its facility in Clairton, Pennsylvania, and other facilities throughout the United States, in violation of Section 102(a) & (d)(4) of Title I of the ADA, 42 U.S.C. §§ 12112(a) & (d)(4). The unlawful employment practices include the following:

   a. Ms. DeSimone was hired by Defendant Employer on January 14, 2008.

   b. On January 29, 2008, while a probationary employee, Defendant Employer required DeSimone to submit to a random breath alcohol test administered at its medical office by a nurse. The results of each of two tests, administered 15 minutes apart, showed positive for alcohol.

    c.    Ms. DeSimone advised the administering nurse that she (DeSimone) was a diabetic and insisted that she had not ingested any alcohol within the past month. Ms. DeSimone suggested to the nurse that her diabetic condition may have caused or contributed to the positive test result.

    d.    Ms. DeSimone requested that she be given an alternative test which the administering nurse denied.

    e.    On the same day, but several hours later, DeSimone obtained a blood alcohol test from her family physician, which registered a negative result. At Defendant's request, DeSimone's physician faxed the test results to Defendant.

    f.    Defendant admits that it lacked a genuine and reasonable belief based on any objective evidence that Ms. DeSimone had violated its drug and alcohol policy at the time it subjected her to the alcohol breath test.

    g.    Defendant admits that the test was random.

    h.    On or about February 7, 2008, Defendant notified DeSimone that she was discharged for violating its alcohol policy.

14.    The effect of the practices complained of in paragraph(s) 13(a) through (h), above, has been to deprive Abigail DeSimone of equal employment opportunities and otherwise adversely affect her status as an employee, because of Defendant's application to her of a medical test in violation of the ADA.

15.    Since at least January, 2006, Defendant Employer has engaged in a continuing course of unlawful employment practices at its facility in Clairton, Pennsylvania, and other facilities throughout the United States, in violation of Section

a. Since at least January 2006, Defendant Employer has maintained and enforced an alcohol testing policy contained in a basic labor agreement which provides for random alcohol testing of its probationary employees.

b. The challenged policy does not require Defendant Employer to have a genuine and reasonable belief based on objective evidence that an employee is impaired by alcohol to subject the employee to the alcohol breath test.

c. Defendant Employer's policy affects all probationary bargaining employees at its Clairton, Pennsylvania facility who are subject to the relevant basic labor agreement.

d. The EEOC believes, and therefore avers, that Defendant Employer owns and/or operates numerous other facilities in the United States.

e. The EEOC believes, and therefore avers, that Defendant Employer's random alcohol testing policy affects all probationary bargaining unit employees at other facilities owned and/or operated by Defendant Employer who are subject to the same basic labor agreement.

16. The effect of the practices complained of in paragraph(s) 15(a) through (e) above has been to deprive all affected probationary employees of equal employment opportunities and otherwise adversely affect their status as employees, because of Defendant Employer's application to them of random breath alcohol tests in violation of

17. The unlawful employment practices complained of in paragraphs 13 and 15 above were and are intentional.

18. The unlawful employment practices complained of in paragraphs 13 and 15 above were and are done with malice or with reckless indifference to the federally protected rights of Charging Party Abigail DeSimone and of a class of presently unidentified individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination by maintaining and enforcing a medical examination policy in violation of the ADA.

B. Enter a declaratory judgment finding that the collective bargaining agreement provision authorizing the challenged practices in this action is illegal and void under the ADA.

C. Order Defendant Employer to immediately cease its practice and procedure of administering random, suspicion-less alcohol testing to all employees, at every location where the policy is in effect, and order Defendant Employer and Defendant Union to both (i) refrain from collectively bargaining labor agreement provisions that authorize the challenged practices in this action and (ii) to notify all affected persons that the provision in question is unlawful and void.

D. Order Defendant Employer to make whole Abigail DeSimone, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant Employer to make whole a class of presently unidentified aggrieved employees who were subjected to the unlawful policy and who have suffered injury as a result of Defendant's unlawful policy, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F. Order Defendant Employer to make whole Abigail DeSimone and the class of presently unidentified aggrieved employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13 through 15, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other non-pecuniary losses, in amounts to be determined at trial.

G. Order Defendant Employer to pay Abigail DeSimone and the class of presently unidentified aggrieved employees punitive damages for the malicious and reckless conduct, as described in paragraphs 13 through 15, above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

    For:  **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

*/s/ Debra Lawrence / mjc*
DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
(410) 209-2734
(410) 962-4270 (facsimile)

*/s/ Ronald L. Phillips / mjc*
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
EEOC – Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
(410) 209-2737
(410) 962-4270 (facsimile)

*/s/ M. Jean Clickner*
M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 42738
Pittsburgh Area Office, Suite 1112
1000 Liberty Avenue
Pittsburgh, PA 15222
(412) 395-5843
(412) 395-5749 (facsimile)