# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABIGAIL DESIMONE,

    Plaintiff,

v.   Civil Action Number:

UNITED STATES STEEL COMPANY,

    Defendant.

## COMPLAINT IN INTERVENOR

AND NOW, comes the plaintiff, Abigail DeSimone, by and through her attorney, Gregory G. Paul, and files the following Complaint under the Americans With Disabilities Act, as amended ("ADA"), 42 U.S.C. §§ 12101, et. seq., the Pennsylvania Human Relations Act, as amended ("PHRC"), PA. STAT. ANN. Tit. 43 §§ 951 et. seq., as Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. for all available relief as a result of her termination.

## Parties

1. The plaintiff, Abigail DeSimone is an adult individual, residing at 714 Vermont Avenue, Glassport, PA 15045.

2. The defendant, United States Steel Corporation ("U.S. Steel"), is a corporation engaged in interstate commerce employing more than 500 persons. U.S. Steel maintains its corporate headquarters in Pittsburgh and plaintiff was employed at the Mon Valley Works, Dravosburg, PA 15034 within the Western District of Pennsylvania.

**Jurisdiction and Venue**

3.     This Court has jurisdiction over Ms. DeSimone's Complaint pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).  Plaintiff's claims under the PHRA are so related to her claims pursuant to the ADA that they form part of the same case or controversy under Article III of the United States Constitution.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

4.     Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the defendant resides within this district and a substantial part of the events giving rise to the claim occurred in this district.

**Statement of Facts**

5.     Abigail DeSimone began working for United States Steel Company on or about January 14, 2008.  She worked in this capacity as a full time utility person at a rate of $16.39 per hour until her termination on or about February 7, 2008.

6.     As a new hire on probation, Ms. DeSimone did not have the protections under the Collective Bargaining Agreement.

7.     On or about January 29, 2008, Ms. DeSimone was subjected to a random alcohol test that recorded a .005 on the first test and a .004 on the second test administered approximately 15 minutes later.

8.     Ms. DeSimone informed the nurse administering the test that the positive alcohol reading could not be accurate as she had not consumed alcohol for approximately one month.  Additionally, Ms. DeSimone informed the nurse that she is a diabetic and asked that if this false positive could be associated with her diabetic condition.

9. In response to Ms. DeSimone's request that U.S. Steel provide a blood alcohol test, the nurse refused.

10. Upon Ms. DeSimone's release from the U.S. Steel's property, she immediately went to her personal physician's office and requested additional testing to establish the false positive test. Her physicians' office later confirmed that there was no evidence of alcohol in her blood or urine samples.

11. Notwithstanding this additional evidence, the defendant's medical review officer upheld this decision despite the fact that some of the breathalyzer machines utilized by defendant would register a false positive reading for alcohol in testing persons with diabetes.

12. On or about February 6, 2008, a supervisor from defendant stated that Ms. DeSimone's diabetes "complicates things".

13. At least two other male members of Ms. DeSimone's class of new hires also tested positive but were not terminated for the same or similar offense.

14. On or about February 7, 2008, Ms. DeSimone contacted the Pennsylvania Governor's office for the purpose of filing a discrimination complaint. Ms. DeSimone was informed that a representative from the Governor's Office contacted U.S. Steel concerning this matter.

15. On or about February 7, 2008, Ms. DeSimone was notified of her termination from U.S. Steel.

## Count I
## ADA

16. Plaintiff incorporates herein by reference the previous allegations of this Complaint.

17. Defendant discriminated against Ms. DeSimone in terminating her based upon her disability of diabetes or regarded her as disabled, improperly subjected her to random testing, failed to provide Ms. DeSimone with a reasonable accommodation and retaliated against her for asserting her rights under the ADA- all in violation of Ms. DeSimone's rights and defendant's duties under the ADA.

18. Defendant's violation of the ADA was willful, malicious, intentional and undertaken in total disregard for Ms. DeSimone's rights and its duties under the ADA.

19. As a direct result of defendant's violation of the ADA, Ms. DeSimone seeks all damages including injunctive and declaratory relief with reinstatement. In addition, Ms. DeSimone has incurred counsel fees and other costs in pursuing her legal rights, and will continue to incur such expenses until this action is completed.

## Count II
## PHRA

20. Plaintiff incorporates herein by reference the previous allegations of this Complaint.

21. Defendant discriminated against Ms. DeSimone in terminating her based upon her disability of diabetes or regarded her as disabled, improperly subjected her to random testing, failed to provide Ms. DeSimone with a reasonable accommodation and retaliated against her for asserting her rights under the PHRA- all in violation of Ms. DeSimone's rights and defendant's duties under the PHRA.

22.     Defendant's violation of the PHRA was willful, malicious, intentional and undertaken in total disregard for Ms. DeSimone's rights and its duties under the PHRA.

23.     As a direct result of defendant's violation of the PHRA, Ms. DeSimone has lost wages and other economic benefits of her employment with the defendant and suffered physical and emotional distress.  In addition, Ms. DeSimone has incurred counsel fees and other costs in pursuing her legal rights, and will continue to incur such expenses until this action is completed.

## Count III
## Title VII (Termination-Gender)

24.     Plaintiff incorporates herein by reference the previous allegations of this Complaint.

25.     By the acts above, the defendant has violated Title VII by discriminating against Ms. DeSimone because of her gender in the terms, conditions and privileges of her employment including disparate discipline and her termination on February 7, 2008.

26.     The defendant's acts were with malice and reckless disregard for Ms. DeSimone's federally protected civil rights.

27.     Ms. DeSimone has and will continue to suffer irreparable injury and monetary damages as a result of the defendant's discriminatory practices unless and until this Court grants relief.

28.     Ms. DeSimone was terminated and filed discrimination charges with the Equal Employment Opportunity Commission which resulted in a Right to Sue letter.

## Count IV
## Retaliation under ADA, PHRA and Title VII

29.     Plaintiff incorporates herein by reference the previous allegations of this Complaint.

30. By the acts above, the defendant has violated the ADA, PHRA and Title VII by retaliating against her based upon her complaints of discrimination including but not limited to her complaint with the Pennsylvania Governor's Office concerning discrimination.

31. The defendant's acts were with malice and reckless disregard for Ms. DeSimone's state and federally protected civil rights.

32. Ms. DeSimone was terminated on February 7, 2008, the same day that she contacted the Governor's Office who informed Ms. DeSimone that defendant was contacted on the same date.

33. Ms. DeSimone has and will continue to suffer irreparable injury and monetary damages as a result of the defendant's discriminatory practices unless and until this Court grants relief.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. DeSimone demands: (1) judgment against defendant jointly and severally in an amount to make her whole for all damages suffered by her as a result of defendant's violations of the ADA, PHRA, and Title VII including, but not limited to, damages for back pay and benefits, front pay, compensatory damages, punitive damages and all other damages recoverable under these statutes; (2) that this Court enjoin defendant from further discriminatory practices against Ms. DeSimone; (3) that this Court order defendant to reinstate Ms. DeSimone to the position she held when defendant unlawfully discharged her with all seniority and benefits she would have otherwise accrued had not defendant violated the above laws; (4) that this Court award Ms. DeSimone expert witness fees, attorneys' fees and the cost of bringing this action; (5) that this Court award Ms. DeSimone prejudgment interest; and (6) that this Court grant her all other relief that she is entitled to under law and equity.

**A JURY TRIAL IS DEMANDED.**

                                        Respectfully submitted,

                                        MORGAN & PAUL, PLLC


                                        <u>/s/ Gregory G. Paul</u>
                                        GREGORY G. PAUL, ESQUIRE
                                        PA ID Number:  83334
                                        409 Broad Street
                                        Suite 270
                                        Sewickley, PA  15143
                                        (412) 259-8375
                                        (888) 822-9421 (facsimile)
                                        gregpaul@morgan-paul.com