# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | |
| | ) | |
| ABIGAIL DESIMONE, | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | Civil Action No. 10-1284 |
| vs. | ) | Judge Nora Barry Fischer |
| | ) | |
| UNITED STATES STEEL CORPORATION; UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL, AND SERVICE WORKERS INTERNATIONAL UNION AFL-CIO, | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Presently pending before this Court are two related motions filed by Plaintiff EEOC (Docket No. 90) and Plaintiff Intervenor (hereinafter "DeSimone") (Docket No. [91]) challenging this Court's discovery rulings.  In a nutshell, DeSimone did not fully discover her individual claims within the discovery period.  DeSimone now seeks an extension to conduct further discovery and EEOC seeks to proceed with discovery on its class claims, given DeSimone's failure.  The Motions [90] and [91] have been fully briefed and the Court heard Oral Argument thereon (Docket Nos. [99]; [100]; [104]; [108]; [125]).  The transcript of the motion hearing has been filed of record (Docket No. [160]) and considered by the Court.  For the following reasons, both Motions [90] and [91] are denied.

1

I.   **Facts and Procedural Background:**

The discovery orders which DeSimone and EEOC have challenged were issued after considerable input was provided by the parties.   As a consequence, the Court will discuss the background relevant to the Court's issuance of those orders.   The parties filed their Rule 26(f) Report on January 31, 2011, wherein they provided the Court with their respective positions on discovery in this matter. (Docket No. 32).   At that point, EEOC sought limited discovery (prior to Alternative Dispute Resolution) to identify class members. (*Id.* at ¶ 6).   DeSimone also maintained that initial discovery should be conducted prior to Alternative Dispute Resolution. (*Id.*).   She specifically sought discovery on Defendants' human resource policies, including drug and alcohol testing and compliance with the Americans with Disabilities Act, as well as Defendants' discipline process and information concerning termination of similarly situated employees. (*Id.* at ¶ 8).   U.S. Steel countered that it was premature to address discovery issues prior to Alternative Dispute Resolution, as its Motion to Dismiss [23] was pending and that a ruling thereon would affect the scope and nature of discovery. (*Id.* at ¶ 6).   The United Steel Workers Union stated that it was prepared for Alternative Dispute Resolution at any time. (*Id.*).

Additionally, in the Rule 26(f) Report, EEOC asserted its preference for a three-stage discovery process. (*Id.* at ¶ 9).   During the first stage (approximately nine months) EEOC would identify victims; determine alleged harm; monetary and non-monetary damages; and the format in which Defendants maintained discoverable material. (*Id.*).   The second stage would commence after the conclusion of Alternative Dispute Resolution and involve all remaining

discovery, except for expert discovery. (*Id.*).  The third stage would encompass expert discovery. (*Id.*).[1]

A Case Management Conference was held on February 3, 2011, during which counsel for the parties discussed the status of the case with the Court. (Docket No. 37).  Because counsel failed to agree on a discovery schedule in the Rule 26(f) Report (Docket No. 32), the Court instructed counsel to meet and confer to develop a proposed discovery schedule and file a status report regarding same, as well as proposed discovery schedules by February 15, 2011. (*Id.*). Accordingly, on February 15, 2011, the parties submitted a Status Report Regarding Proposed Discovery Schedules (Docket No. 41), in which they stated that they had met and conferred, but continued to disagree about a proposed discovery schedule. (*Id.*).  Therein, the parties noted their differing positions with respect to discovery related to DeSimone's individual claims and the putative class of employees. (*Id.*).  That same day, EEOC and DeSimone filed their Joint Proposed Discovery Schedule (Docket No. 42) and U.S. Steel filed its Proposed Discovery Schedule (Docket No. 43).[2]

On February 24, 2011, after considering the parties' positions and all of their submissions, this Court entered a Case Management Order, which provided, in pertinent part, as follows:

> 2.)  Written discovery as to the claims of Plaintiff-Intervenor DeSimone shall commence immediately.
>
> 3.)  Plaintiff-Intervenor DeSimone shall provide full and complete signed authorizations for all education; employment; medical and mental health records when she serves responses to Defendants' initial interrogatories; requests for production and requests for admissions.

---

[1] DeSimone and the United Steel Workers Union agreed with EEOC's three-stage discovery proposal, although the United Steel Workers Union did not anticipate initiating any discovery of its own. (*Id.*).  U.S. Steel reiterated that it was premature to address the issue of discovery prior to Alternative Dispute Resolution, as its Motion to Dismiss was pending and that a ruling thereon would affect the scope and nature of discovery. (*Id.*).

[2] The United Steel Workers Union did not submit a separate proposed discovery schedule.

4.) Fact discovery against third party medical professionals and/or entities involved in the breath alcohol test administered to Plaintiff-Intervenor DeSimone, the documentation and reporting of same to U.S. Steel shall be concluded on or before **May 15, 2011.**

5.) Plaintiff-Intervenor DeSimone and her husband shall be deposed on or before **June 15, 2011.** The male employees who were allegedly retained when Plaintiff-Intervenor DeSimone was not,[3] the U.S. Steel employees involved in the formulation and administration of policies concerning drug and alcohol testing in the time period of January 1, 2006 to the present and the employees involved in the hiring and firing of Plaintiff-Intervenor DeSimone shall be deposed on or before **July 1, 2011.** The Court will entertain a request for relief from the seven (7) hour time limit pertaining to depositions upon the filing of a motion, with good cause shown.

6.) To the extent any party desires to take the deposition of any treating/examining physician of Plaintiff-Intervenor DeSimone, said depositions shall be concluded on or before **August 15, 2011.**

7.) The Court shall conduct a fact discovery status conference on **August 16, 2011 at 10:00 a.m.**, at which time the Court will consider the potential for and nature and extent of any additional fact discovery to be conducted on the individual claims of Plaintiff-Intervenor DeSimone. The Court will also entertain proposals for expert discovery as to the individual Plaintiff-Intervenor DeSimone's claims, to the extent the parties intend to engage in same at this conference.

(Docket No. 44).

The Court entered an Order on March 2, 2011 (Docket No. 52) amending its February 24, 2011 Order, to include the provision that "any motions to amend pleadings or to add new parties shall be filed no later than February 28, 2011. In all other respects, said Order [44] dated February 24, 2011 shall remain in full force and effect." (*Id.*). Two months later, on May 2, 2011, the Court entered another Case Management Order upon consideration of EEOC's Unopposed Motion to Modify the Case Management Order. (Docket No. 78). Said Order amended the February 24, 2011 Order to include the following three provisions: (1) the parties shall complete fact discovery against third party medical professionals and/or entities involved in the breath alcohol test administered to DeSimone, the documentation and reporting of same to

---

[3] DeSimone is no longer interested in taking these depositions, as DeSimone withdrew her gender discrimination claims. (Docket Nos. [134]; [135]).

U.S. Steel on or before July 13, 2011; (2) in all other respects, the February 24, 2011 Order shall remain in full force and effect; and (3) that a copy of the May 2, 2011 Order shall be served on third party Jefferson Regional Medical Center and third party medical professionals, Ms. Bahr and Dr. Padiyar with any discovery requests served on them or to be served on them. (Docket No. 81).

There were no other motions nor any further objections brought during the initial discovery period challenging the Court's February 24, 2011 and May 2, 2011 discovery Orders. Therefore, all fact discovery as to those matters outlined in said Orders closed on August 15, 2011. However, during the August 16, 2011 Fact Discovery Status Conference, it became apparent that little discovery was accomplished per the Court's Orders.  At the outset, the Court addressed DeSimone's failure to provide full and complete signed authorizations for all education, employment, medical and mental health records, as ordered on February 24, 2011. (Docket No. 95).  The Court then ordered that <u>no later</u> than August 19, 2011, full and complete authorizations were to be provided to counsel for United States Steel. (*Id.*).

Next, the Court addressed DeSimone's letter[4], dated August 15, 2011, in which she indicated that she would like to depose six of U.S. Steel's witnesses.  (*Id.*).  U.S. Steel objected to this request, on the basis that DeSimone had sufficient time to depose said witnesses, between February 24, 2011 and August 15, 2011, and no timely motion for enlargement had been filed. (*Id.*).   In fact, under the Court's February 24, 2011 Case Management Order [44], said depositions were to have been completed by <u>July 1, 2011</u>. (*Id.*).  As no motion for enlargement

---

[4] It is of note that said letter was not provided to other counsel of record prior to the August 16, 2011 Conference. *Ex parte* communication with the Court is prohibited.   *See e.g.,* Pennsylvania Rules of Professional Conduct, Rule 3.5(b); *Pabon v. Lemaster*,  2008 WL 4716885, *1 (W.D.Pa. Oct. 24, 2008); *Breslin v. Dickinson Township*,  2011 WL 3359638, *1 (M.D.Pa. Aug. 3, 2011).

was filed, this Court denied DeSimone's request to depose said witnesses. (*Id.*).   The Court then entertained proposals for expert discovery as to DeSimone's individual claims. (*Id.*).

Given the fact that one of the attorneys participated in the August 16, 2011 Conference by telephone, this Court, as is its practice, emailed counsel of record copies of its proposed Conference Memo and Amended Order, prior to filing same. (Docket No. 125-2).   Emailing these drafts to counsel was a courtesy, to allow counsel the opportunity to submit any necessary revisions, potentially caused by the fact that one of the attorneys who participated by telephone, may have had difficulty hearing the Court's rulings.   In response, EEOC and DeSimone filed the instant motions.

Despite same, the Court proceeded to enter its Conference Memo (Docket No. 95) and Amended Order (Docket No. 96) on August 24, 2011.   The Amended Order provides the following:

1. IT IS HEREBY ORDERED that Plaintiff-Intervenor, is to provide full and complete signed authorizations for all education, employment, medical and mental health records, no later than August 19, 2011, at 5:00 P.M., to Counsel for Defendant United States Steel Corporation.
2. IT IS HEREBY FURTHER ORDERED that all treating/examining physicians of Plaintiff-Intervenor, may be deposed by Defendant U.S. Steel, given the fact that Plaintiff-Intervenor shall provide the above-referenced authorizations, on or before August 19, 2011, at 5:00 P.M.   Defendant U.S. Steel may move to enlarge the time permitted for said depositions.
3. IT IS HEREBY FURTHER ORDERED that Plaintiff-Intervenor will disclose her expert(s) by September 15, 2011.   Defendant U.S. Steel will submit expert disclosures no later than October 17, 2011.   In turn, Defendant U.S. Steel shall complete any expert discovery directed to Plaintiff expert(s) by October 31, 2011.   Plaintiff-Intervenor shall complete any expert discovery directed to Defendant U.S. Steel expert(s) by November 30, 2011.   The Court will conduct a Post Expert Discovery Status Telephone Conference on December 1, 2011 at 8:30 A.M.   The Court will initiate the call.

(Docket No. 96).[5]

---

[5] The Court questions whether compliance with this Order has been achieved by the parties, as no Motion to Stay this Order has been filed.   Due to a more emergent proceeding, the Court cancelled the Post Expert Discovery Status

Presently pending before this Court are two related motions filed by Plaintiff EEOC (Docket No. 90) and Plaintiff Intervenor (hereinafter "DeSimone") (Docket No. [91]) challenging the above-described discovery and case management rulings.   Briefly, EEOC's Motion [90], which the Court construes as Motion for Reconsideration,[6] requests that this Court reconsider its February 24, 2011 Order, which it argues, in effect, establishes a phased discovery schedule.   DeSimone's Motion [91] also requests that this Court reconsider its August 16, 2011 denial of her request to depose additional witnesses and extend the period of fact discovery.

On October 20, 2011, the Court convened a hearing and heard oral argument on said Motions [90], [91] and ordered the transcript of same.   The transcript has now been received and reviewed.   This Court will first address DeSimone's and then EEOC's Motions, as the Court's August 16, 2011 ruling was directed to DeSimone's individual claims.


## II.   <u>General Legal Authority:</u>

The Court possesses inherent authority to manage discovery within the purview of Rule 16 of the Federal Rules of Civil Procedure.   Rule 16 authorizes a Court to enter pretrial scheduling orders setting deadlines for the completion of discovery, the amendment of pleadings, and the joinder of parties. *See Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D.Pa. 2010).   In addition, the Court is mindful of Rule 1 of the Federal Rules of Civil Procedure, which requires the Federal Rules to "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1.

---

Conference set for December 1, 2011. (November 22, 2011 Docket Entry).  It has been reset for Wednesday, December 7, 2011 at 11:00 A.M. (November 27, 2011 Docket Entry).
[6] Therefore, EEOC's Response will be reviewed under the standard for a Motion for Reconsideration.

**III. <u>DeSimone's Motion to Extend Fact Discovery, or in the Alternative Rule 60(b)</u>**
   **<u>Motion for Relief (Docket No. 91):</u>**

   **a. <u>Parties' Arguments:</u>**

DeSimone has filed a Rule 60(b) Motion, asking this Court to reconsider its August 16, 2011 denial of her request to depose additional witnesses, as such depositions were to have been completed by July 1, 2011. DeSimone's counsel asserts that an extension of fact discovery is warranted and that subsections one and six of Rule 60(b) are applicable in the instant case.

In support of this argument, DeSimone's counsel claims that he misinterpreted the Court's February 24, 2011 Order.[7] (Docket No. 91, pg. 6). He also argues that he misunderstood the purpose of the August 16, 2011 Conference. (*Id.* at ¶ 12). He thought that the purpose of said Conference was to outline additional discovery to be completed after the failed conciliation at the Early Neutral Evaluation. (*Id.*). Additionally, he asserts that the deposition of Colleen Bahr, a plant nurse for the U.S. Steel Clairton Works, which was conducted on July 11, 2011 (*Id.* at ¶ 3), revealed the identities of other U.S. Steel employees[8] who would be beneficial to depose. (*Id.* at ¶ 5-11). Said deposition transcript was received on July 27, 2011. (*Id.* at ¶ 4).

DeSimone's counsel says that he mistakenly believed that additional discovery would take place after the August 16, 2011 Conference. (*Id.* at ¶ 14). DeSimone was also optimistic that a resolution of her case would render additional depositions unnecessary. (*Id.* at 6). By

---

[7] Court orders are generally interpreted according to the meaning of their plain language. *See e.g., Jewelcor Inc. v. Asia Commercial Co., Ltd.*, 11 F.3d 394, 396 (3d Cir. 1993)(construing order according to the meaning of its plain language); *In re Watkins*, 365 B.R. 574, 578 (Bkrtcy.W.D.Pa. 2007)(same); *Moore v. Zant*, 885 F.2d 1497, 1519 (11th Cir. 1989) (construing Supreme Court's remand order according to the meaning of its plain language).
[8] Those named includeTodd Seitz, Preston Henderson, Edward McGough, Michael Juliano and Kristin Marcin. (*Id.* at ¶¶ 5-8).

waiting until after the conclusion of the Early Neutral Evaluation[9], DeSimone sought to eliminate additional costs for the parties. (*Id.*). DeSimone then asserts that additional depositions will not prejudice any party and will be limited to two hours. (*Id.* at ¶ 15).  Further, DeSimone's counsel states that she will assume all costs and expenses[10] related to the additional depositions and maintains that no other Court deadlines will be upset. (*Id.* at ¶¶16, 17).

Against this backdrop, DeSimone's counsel argues that subsections one and six of Rule 60(b) are applicable, as he asserts that his mistake constitutes excusable neglect, because it was reasonable to conclude that the purpose of the August 16, 2011 Conference was to consider additional fact discovery. (*Id.* at 5).  Further, his mistake was reasonable based on the complexity of the discovery and the parties involved in the case.  (Docket No. 104, pg. 2).

In reply, U.S. Steel argues that DeSimone's Motion should be denied because she cannot obtain relief under Rule 60(b) as said Rule only applies to final orders and judgments, none of which are involved in the instant case. (Docket No. 108, pg. 1).  Further, even if construed as a Motion for Reconsideration, DeSimone's Motion should be denied because there has been no change in the law; DeSimone has not introduced any new evidence and no new evidence exists; this Court's discovery orders did not make any clear error of law and do not create any manifest injustice; and DeSimone's dereliction of her obligation to comply with the Court's February 24, 2011 Order is without reasonable cause or justification. (Docket No. 99, pg. 1).

Further, U.S. Steel maintains that DeSimone was aware of the individuals she now seeks to depose, well in advance of the deposition of Ms. Bahr. (Docket No. 99). Specifically, DeSimone's Initial Disclosures named Todd Seitz and Preston Henderson. (Docket No. 99-2).

---

[9] The Early Neutral Evaluation was held on August 3, 2011.  However, the requested depositions were to have been completed in July 2011.  Thus, counsel's argument that he was waiting to conduct those depositions, until after the Early Neutral Evaluation to reduce costs, lacks logic and merit.

[10] During the October 20, 2011 hearing, the Court questioned his authority as to said representation, pointing out the cost of same, as Ms. DeSimone was not present. (Docket No. 160 at 64, ln. 10-13).

U.S. Steel's Initial Disclosures reference Todd Seitz and Edward McGough. (Docket No. 99-4). Kristin Marcin was identified in DeSimone's April 2008 Unemployment Compensation hearing. (Docket No. 99, pg. 10).   Finally, U.S. Steel asserts that Michael Juliano, could have been revealed if DeSimone exercised due diligence by conducting a Rule 30(b)(6) deposition of U.S. Steel, or by taking the deposition of Ms. Bahr earlier than July 11, 2011, as the deadline for same was July 13, 2011. (*Id.*).


b.  **Legal Standard:**

Under Rule 60(b), "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons : (1) mistake, inadvertence surprise, or excusable neglect; […] or (6) any other reason that justifies relief." Fed.R.Civ.P 60(b) (1) and (6).   Rule 60(b) only applies to a final judgment, order, or proceeding.   A final order is one that is dispositive of the entire case. *Black's Law Dictionary, Eighth Edition*.

This Court's procedures clearly state that a motion to extend discovery shall be filed prior to the expiration of the discovery period. *See Practices and Procedures of Judge Nora Barry Fischer, Effective March 23, 2010, available at:* http://www.p awd.uscourts.gov/Documents/Judge/fischer_pp.pdf.   Rule 16 of the Federal Rules of Civil Procedure authorizes a Court to enter pretrial scheduling orders setting deadlines for the completion of discovery, the amendment of pleadings, and the joinder of parties.  *See Graham*, 271 F.R.D. at 119.  Rule 16 also provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed.R.Civ.P. 16(b)(4).

The good cause standard of Rule 16 requires diligence on the part of the party seeking to amend a discovery order. *Componentone, LLC v. Componentart, Inc.*, 2007 WL 2580635, *2 (W.D.Pa. August 16, 2007). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met *despite the diligence of the party seeking the extension.*" Fed.R.Civ.P. 16, Advisory Committee Note (emphasis added). "[I]f the party was not diligent, there is no 'good cause' for modifying the scheduling order and allowing the party to file a motion to amend its pleading." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp.2d 695, 701 (E.D. Pa. 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)) ("If [a] party was not diligent, the inquiry should end."). The moving party has the burden of demonstrating "good cause." *Graham*, 271 F.R.D. at 119.

c.   **Analysis:**

*1.   DeSimone's Rule 60(b) Motion:*

Rule 60(b) only applies to a final judgment, order, or proceeding. A final order is one that is dispositive of the entire case. *Black's Law Dictionary, Eighth Edition*. No final order has been entered in this case yet and therefore Rule 60(b) is inapplicable.

*2.   DeSimone's Motion for Extension of Fact Discovery:*

An extension of fact discovery is not warranted. This Court's procedures clearly state that a motion to extend discovery shall be filed <u>prior</u> to the expiration of the discovery period. *see Practices and Procedures of Judge Nora Barry Fischer, Effective March 23, 2010, available at:* http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf. As DeSimone's Motion was filed after the close of discovery, said Motion is untimely. Even if her Motion were timely, DeSimone has failed to establish good cause under Rule 16, as she did not exercise due

diligence. Fed.R.Civ.P. 16, Advisory Committee Note (emphasis added). "[I]f the party was not diligent, there is no 'good cause' for modifying the scheduling order and allowing the party to file a motion to amend its pleading." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp.2d 695, 701 (E.D. Pa. 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Specifically, the February 24, 2011 Order and its Amendments clearly set forth the discovery DeSimone and her counsel were to undertake in support of her claims.[11] (Docket No. 81). The male employees, who were allegedly retained when DeSimone was not,[12] the U.S. Steel employees involved in the formulation and administration of policies concerning drug and alcohol testing, in the time period of January 1, 2006 to the present and the employees involved in the hiring and firing of DeSimone were to be deposed on or before July 1, 2011. (Docket No. 44 ¶ 5). Discovery against third party medical professionals and/or entities involved in the breath alcohol test administered to DeSimone, the documentation and reporting of same to U.S. Steel concluded on July 13, 2011. (Docket No. 81). Depositions of any treating/examining physicians of DeSimone were to be completed on or before August 15, 2011. (Docket No. 44 at ¶ 6). Said Order went on to schedule a Fact Discovery Status Conference on August 16, 2011, for the purpose of considering the potential for and nature and extent of <u>any additional</u>[13] <u>fact discovery</u>, to be conducted on the individual claims of DeSimone. (*Id.* at ¶ 7). At that Conference, it was also contemplated that the Court would entertain proposals for expert discovery, as to DeSimone's claims. (*Id.*).[14]

---

[11] *See* footnote 7, *infra.*
[12] DeSimone withdrew her gender discrimination claims. (Docket Nos. [134]; [135]).
[13] "Additional" is defined as "added; more; supplementary". Random House Webster's College Dictionary (2000). In this instance, "additional fact discovery" refers to fact discovery, which was not addressed in the February, 2011 Order.
[14] The implication is that fact discovery would be concluding and expert discovery would be scheduled.

Although, DeSimone argues that a review of said Orders [44], [52] and [81] demonstrate that it is reasonable to interpret that the purpose of the August 16, 2011 Conference was to consider additional fact discovery, (Docket No. 91, pg. 5), this Court disagrees.  The Court's discovery deadlines are clear as stated in said Orders [44], [52] and [81].  In addition, the February 24, 2011 Order was entered after the parties submitted discovery schedule proposals following the Court's discussion with counsel at the initial Case Management Conference.  Said Order was only entered after extensive consideration of the parties' positions concerning a Case Management Order, as articulated at the Case Management Conference on February 3, 2011 (Docket No. 37), in the Status Report regarding proposed discovery schedules (Docket No. 41), and upon further consideration of the parties' proposed orders setting forth discovery schedules submitted by both EEOC and DeSimone (Docket No. 42) as well as U.S. Steel (Docket No. 43).[15]  Moreover, once the Orders were entered DeSimone never voiced any objections or requests for clarification or reconsideration.[16]

Admittedly, on April 28, 2011, DeSimone and EEOC filed a Joint Motion to Modify the February 24, 2011 Order, with respect to paragraph 4 alone (pertaining to the deadline for fact discovery as to third-party medical professionals and/or entities involved in the blood alcohol test.). (Docket No. 78).  This Court granted said Motion on May 2, 2011, extending the deadline as to third party medical professionals and/or entities involved in the breath alcohol test to July 13, 2011, but maintaining all other deadlines from the February 24, 2011 Order. (Docket No. 81).  Pursuant to the terms of the February 24, 2011 Order, as amended by the May 2, 2011 Order, all fact discovery related to U.S. Steel employees closed on July 1, 2011 and fact

---

[15] As noted, the United Steel Workers Union did not submit a separate proposed discovery schedule.
[16] Nor did counsel call/email the Deputy or assigned Clerk, seeking to schedule a Status Conference, as is permitted by this Court. *See*, Section III.A.1 of *Practices and Procedures of Judge Nora Barry Fischer, Effective March 23, 2010, available at:* http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf.

discovery related to third-party medical professionals and/or entities involved in the breath alcohol test closed on July 13, 2011. (Docket Nos. 44 and 81).

Once again, DeSimone did not seek clarification nor reconsideration, nor an enlargement of time until her counsel stated that he would like to depose various U.S. Steel employees, during the August 16, 2011 Conference. (Docket No. 95).  Said request did not occur within the initial discovery period.  Instead it occurred more than six weeks after the described witness discovery deadline had passed.  Because said depositions were to have been completed by <u>July 1, 2011</u> and no motion for enlargement had been filed during the discovery period, this Court denied DeSimone's request for additional time to depose U.S. Steel fact witnesses who should have been deposed by that date. (Docket No. 95).   In this Court's estimation, the Court's Case Management Order had granted DeSimone ample time to complete discovery on the individuals whose depositions were sought during the August 16, 2011 Conference.[17]

Interestingly, DeSimone claims that the individuals she now seeks to depose were first revealed during the deposition of Ms. Bahr. (Docket No. 91). Yet, U.S. Steel maintains, and this Court agrees, that DeSimone was well aware of the individuals she now seeks to depose, well in advance of the deposition of Ms. Bahr. (Docket No. 99). Specifically, DeSimone's Initial Disclosures named Todd Seitz and Preston Henderson. (Docket No. 99-2).  U.S. Steel's Initial Disclosures reference Todd Seitz and Edward McGough. (Docket No. 99-4).  Kristin Marcin was identified in DeSimone's April 2008 Unemployment Compensation hearing. (Docket No. 99 pg. 10).  Finally, Michael Juliano (a U.S. Steel representative responsible for the breathalyzers used by U.S. Steel), could have been revealed as potential witness if DeSimone had exercised

---

[17] The Court here notes that DeSimone is represented by experienced trial counsel and that he and counsel for the EEOC, who are equally experienced, have worked in tandem in advancing this cause.  Further, none of these counsel had an extensive trial schedule in this time period. (Docket No. 160 at 14, ln. 9-25; at 22, ln. 9-14). Moreover, most employment cases in this Court conclude <u>all</u> fact discovery in 150 days.

diligence by conducting a Rule 30(b)(6) deposition of U.S. Steel, or by taking the deposition of Ms. Bahr earlier than July 11, 2011, as the deadline for same was July 13, 2011. (*Id.*).[18]  Based on the foregoing, it is evident that DeSimone's Counsel failed to exercise due diligence and as a result, there is no good cause for modifying the scheduling order.  *Chancellor*, 501 F.Supp.2d at 701.

### IV. EEOC's Response to Proposed Revised Scheduling Order and Request for Clarification of the Court's Ruling on DeSimone's Request to Take Additional Depositions (Docket No. 90):

#### a. Parties' Arguments:

EEOC maintains that this Court *de facto* bifurcated discovery, so that discovery related to DeSimone would proceed and discovery related to the class (which includes DeSimone) would be deferred. (Docket No. 90, pg. 1).  EEOC argues that DeSimone is one of the aggrieved class members affected by the alleged unlawful policy and that EEOC's claim related to her employment is necessarily the subject of class discovery. (*Id.* at 4).  As such, EEOC's litigation should not be inhibited or diminished by DeSimone's actions, nor is there any reason to give separate treatment to EEOC's claim related to her employment. (*Id.*).

Next, EEOC contends that bifurcating discovery and dispositive motions practice between DeSimone and the other claimants is unfairly prejudicial to EEOC and is contrary to judicial economy. (*Id.*).  Specifically, DeSimone was subjected to the same testing policy as the rest of EEOC's proposed class. (*Id.*).  The factual and scientific issues as applied to DeSimone

---

[18] In addition, during the October 20, 2011 Motion Hearing and Oral Argument, counsel for DeSimone admitted that he had access to the prior EEOC file. (Docket No. 160 at 61, ln. 21-25; at 62, ln. 1-14).  By review of the file or contact with the United Steel Workers Union representatives, he could have ascertained the identities of said individuals.

and all class members overlap substantially. (*Id.*).   Given the Court's Order of February 24, 2011, restricting EEOC's discovery regarding class-wide issues, EEOC has not had a full and fair opportunity to develop evidence,[19] which is critical to EEOC's claims regarding DeSimone and other aggrieved class members. (*Id.* at 5).

As a result, EEOC asserts that it has not been afforded a fair and adequate opportunity to obtain all factual evidence to fully develop its expert opinion evidence, relevant to DeSimone, as that depends on discovery concerning class-wide issues. (*Id.* at 6).   Therefore, EEOC requests that this Court (1) discontinue the bifurcated discovery process;[20] (2) that no additional discovery take place, relevant to DeSimone (expert or otherwise) until class-wide non-expert and expert discovery commence; (3) that there be no Summary Judgment motions practice concerning DeSimone, until after all class-wide discovery is completed; (4) that the Court clarify its ruling of August 16, 2011, with the limitation that evidence available to DeSimone will not be used to limit EEOC's class discovery and litigation, which includes DeSimone; and (5) that all of the timeframes in the revised scheduling order be substantially increased as to permit EEOC to engage in full discovery related to DeSimone, as a class member. (*Id.* at 8-9).   Strikingly, these arguments were not made to the Court at the initial Case Management Conference.   Further, until this point EEOC had not objected, moved for clarification, nor moved to reconsider the February 24, 2011 Order, with the exception of the Motion [78] that resulted in the May 2, 2011 Order. Moreover, at the outset of this case, EEOC had suggested phased discovery.

Responding, U.S. Steel argues that EEOC's Motion for Reconsideration should be denied as it does not adhere to this Court's procedures and does not satisfy the requisite standard for a

---

[19] Evidence related to factual and scientific issues, expert opinion evidence and evidence related to the knowledge of the decision-makers regarding DeSimone's discharge. (*Id.* at pg. 4-5).

[20] It is important to note that EEOC sought phased discovery, as outlined in the Rule 26(f) Report (Docket No. 32 ¶ 9) and its Proposed Scheduling Order (Docket No. 42).

Motion for Reconsideration. (Docket No. 100).   Specifically, said Motion does not meet the requisite standard for a Motion for Reconsideration, as there has been no change in the law; EEOC has not introduced any new evidence and no new evidence exists; and this Court's discovery orders did not make any clear error of law and do not create any manifest injustice. (*Id.* at 5-13).   EEOC counters that it is not seeking reconsideration, *per se*. (Docket No. 160 at 28, ln. 12-21).

    b.  **Legal Standard:**

As the Court restyled EEOC's Response as a Motion for Reconsideration (August 19, 2011 Docket Entry), said Motion will be reviewed under the standard for a Motion for Reconsideration.   Section II.M. of this Court's Practices and Procedures provides that "[a]ny Motions for reconsideration shall be filed within seven (7) days," *see Practices and Procedures of Judge Nora Barry Fischer, Effective March 23, 2010, available at:* http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc.,* 98 F.Appx. 78, 81 (3d Cir.2004) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). The standard that Plaintiff must meet to prevail on a motion for reconsideration is high. *Berry v. Jacobs IMC, LLC,* 99 F.Appx. 405, 410 (3d Cir. 2004). The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Linhart v. Zitelli*

*& Brodland, P.C.,* 2011 WL 5188061, at * 2 (W.D.Pa. Nov. 1, 2011) (citing *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999)).

Mere disagreement with the Court does not translate into the type of clear error of law which justifies reconsideration of a ruling. *Miller v. Lamas,* 2011 WL 398408, at *1 (M.D.Pa. Feb. 2, 2011) (citing *Dodge v. Susquehanna Univ.,* 796 F.Supp. 829, 830 (M.D.Pa.1992)). Furthermore, "because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Id.* (quoting *Continental Casualty Co. v. Diversified Indus., Inc.,* 884 F.Supp. 937, 943 (E.D.Pa. Mar.27, 1995)). It is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court. *Id.* (citing *Dodge,* 796 F.Supp. at 830).

c. **Analysis:**

*1. EEOC's Motion is untimely pursuant to Section II.M. of this Court's Practices and Procedures:*

EEOC's Motion is untimely for the following reasons.  The Court entered its first Case Management Order on February 24, 2011, after extensive consideration of the parties' positions concerning a Case Management Order, as articulated at the Case Management Conference on February 3, 2011 (Docket No. 37), in the Status Report regarding proposed discovery schedules (Docket No. 41), and upon further consideration of the parties' proposed orders setting forth discovery schedules submitted by both EEOC and DeSimone (Docket No. 42) as well as U.S. Steel (Docket No. 43).[21]  EEOC never filed any objections nor asked for reconsideration of that

---

[21] The United Steel Workers Union did not submit any proposed discovery schedule.

Order.   The February 24, 2011 Order established a phased discovery process, as sought by EEOC.[22]

Thereafter, the February 24, 2011 Order was amended on two occasions.   On March 2, 2011, said Order was only amended to include the provision that "any motions to amend pleadings or to add new parties shall be filed no later than February 28, 2011." (Docket No. 52). Then, on May 2, 2011, upon consideration of EEOC's Unopposed Motion to Modify the Case Management Order (Docket No. 78), the Court entered an Order, only amending the February 24, 2011 Order to include the provision that the parties shall complete fact discovery against third party medical professionals and/or entities involved in the breath alcohol test administered to DeSimone, the documentation and reporting of same to U.S. Steel on or before July 13, 2011. (Docket No. 81).[23]

During the August 16, 2011 Fact Discovery Status Conference, the Court addressed DeSimone's request to depose six of U.S. Steel's witnesses.   (Docket No. 95).   Per the Court's February 24, 2011 Case Management Order, said depositions were required to have been completed by July 1, 2011.   (*Id.*).   As no motion for enlargement had been filed during the discovery period, this Court denied DeSimone's request to depose said witnesses. (*Id.*). During the August 16, 2011 Fact Discovery Status Conference, the Court enforced its February 24, 2011 Order and EEOC made no objection.

EEOC did not file a Motion for Reconsideration after the issuance of the February 24, 2011 Order, nor after the March 2, 2011 Amended Order, nor after the May 2, 2011 Amended Order.   Neither amended Order affected the phased discovery process, established in the February 24, 2011 Order.   Furthermore, during the August 16, 2011 Fact Discovery Status

---

[22] EEOC sought phased discovery, as outlined in the Rule 26(f) Report (Docket No. 32 ¶ 9) and its Proposed Scheduling Order (Docket No. 42).
[23] It is important to note that EEOC did not file a Motion for Reconsideration during this time.

Conference, the Court merely enforced its February 24, 2011 Order. (Docket No. 95).  Now, approximately six months after the February 24, 2011 Order, EEOC files the instant Motion, which the Court has construed as a Motion for Reconsideration, challenging the phased discovery process, which was established in the February 24, 2011 Order and was never altered through the amendments to said Order.  As a result, EEOC's Motion is untimely, as Section II.M. of this Court's Practices and Procedures, provides that "[a]ny Motions for reconsideration shall be filed within seven (7) days," *see Practices and Procedures of Judge Nora Barry Fischer, Effective        March        23,        2010,        available        at:* http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf.[24]

> 2. *EEOC's Motion Does Not Satisfy the Standard for Relief Under a Motion for Reconsideration:*

However, even if EEOC's Motion for Reconsideration were timely, its Motion does not satisfy the standard for granting relief per a Motion for Reconsideration.  The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Linhart v. Zitelli & Brodland, P.C.,* 2011 WL 5188061, at * 2 (W.D.Pa. Nov. 1, 2011) (citing *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999)). EEOC made no attempt in its Motion or at the October 20, 2011 Oral Argument (Docket No. 125) to establish an intervening change in the controlling law; assert the availability of new evidence which was not available when the court issued its Order; or argue the need to correct a

---

[24] Similarly, even if EEOC's Motion is construed as a Motion for an extension of fact discovery, such an extension is not warranted, because said Motion was filed after the close of discovery and is thus untimely.  Even if said Motion were to be construed as a timely Motion for an extension of fact discovery, EEOC has failed to establish good cause under Rule 16, as it did not exercise due diligence, as outlined above.

clear error of law or fact or to prevent a manifest injustice.   Instead, it appears that EEOC disagrees with the Court's discovery rulings, despite the fact that EEOC itself sought phased discovery, as outlined in the Rule 26(f) Report (Docket No. 32 ¶ 9) and its Proposed Scheduling Order (Docket No. 42) and never objected to same until approximately six months after the entry of the February 24, 2011 Order.   Yet, a party's mere disagreement with the Court does not translate into the type of clear error of law which justifies reconsideration of a ruling. *See Miller,* 2011 WL 398408, at *1.

      *3.  EEOC's Request for Clarification:*

      In conclusion, EEOC requests clarification of the impact of the Court's August 16, 2011 denial of DeSimone's request to depose various U.S. Steel employees.[25] (Docket No. 90, pg. 9). Specifically, EEOC asks if the Court will permit it to depose the same U.S. Steel employees DeSimone identified during its class discovery period and what limitations the Court may impose on such depositions. (*Id.*).   In response, U.S. Steel counters that no clarification is necessary, as the Court's August 16, 2011 ruling is clear. (Docket No. 100, pg. 13).   Specifically, U.S. Steel correctly notes that the Court's ruling only affected DeSimone's <u>individual</u> claims and did not impact EEOC's right to fact discovery or its ability to depose the above-referenced U.S. Steel employees. (*Id.*).   Accordingly, EEOC may proceed with whatever discovery it requires, including depositions of U.S. Steel employees; Todd Seitz, Preston Henderson, Edward McGough, Michael Juliano and Kristin Marcin, during discovery on potential class claims.   To the extent that U.S. Steel has any objection, it may assert same and seek a Protective Order by way of an appropriate motion and order.

---

[25] Including Todd Seitz, Preston Henderson, Edward McGough, Michael Juliano and Kristin Marcin. (Docket No. 91  ¶¶ 5-8).

## V.   **Conclusion:**

Based on the foregoing, an extension of the fact discovery as described and ordered in February, 2011 is not warranted in this case, as DeSimone's counsel did not exercise due diligence.   As a result, there is no good cause for modifying the relevant scheduling order (Docket No. 44), under Rule 16.   Further, as Rule 60(b) only applies to a final judgment, order, or proceeding and no final order has been entered in this case yet, Rule 60(b) is inapplicable.   As the Court construes EEOC's Motion as a Motion for Reconsideration, it is not only untimely, it also fails to satisfy the standard for a Motion for Reconsideration.   Accordingly, said Motions [91] and [90] are denied, with prejudice.   However, as noted herein, EEOC is not precluded from discovery to support its class claims.


                                                          *s/Nora Barry Fischer*
                                                          Nora Barry Fischer
                                                          United States District Judge

Dated:    December 29, 2011
cc/ecf:    All Counsel of Record