**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

EQUAL EMPLOYMENT OPPORTUNITY          )
COMMISSION,                           )
                Plaintiff,          )
                                     )
                                     )
                                     )
      vs.                            )   Civil Action No. 10-1284
                                     )   Judge Nora Barry Fischer
                                     )
UNITED STATES STEEL CORPORATION;      )
UNITED STEEL, PAPER & FORESTRY,       )
RUBBER, MANUFACTURING, ENERGY,        )
ALLIED INDUSTRIAL, AND SERVICE        )
WORKERS INTERNATIONAL UNION           )
AFL-CIO,                              )
              Defendants.          )

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

The Equal Employment Opportunity Commission ("EEOC") initiated this pattern or practice Americans with Disabilities Act action on behalf of charging party, Abigail DeSimone ("DeSimone")[1] and all similarly situated employees of Defendant U.S. Steel ("U.S. Steel") seeking to challenge U.S. Steel's policy of subjecting its probationary employees to random breath alcohol tests. (Docket No. 3).  Pending before the Court is U.S. Steel's Second Renewed Motion to Dismiss. (Docket No. 205).  U.S. Steel asserts two separate arguments in support of its Motion.  First, U.S. Steel argues that EEOC's class claim should be dismissed, in part, based on the statute of limitations under Section 706(e)(1) of Title VII. (Docket No. 205).  Second, U.S.

---

[1] Ms. DeSimone has since settled her individual case. (Docket No. 192).

Steel asserts that EEOC's class claim should be dismissed under *Iqbal* and *Twombly* because the EEOC has failed to specifically plead that it has met its statutory pre-suit obligations to investigate, issue reasonable cause findings and conciliate its claims, or to name any of the presently unidentified aggrieved employees who make up the purported class. (*Id*.; Docket No. 216).   The EEOC counters that the time limitation period under Section 706(e)(1) is not a bar and that its class claim is properly pled. (Docket No. 213).

For the reasons that follow, U.S. Steel's Motion to Dismiss is GRANTED, IN PART and DENIED, IN PART.

## II.  FACTUAL BACKGROUND[2]

Since at least January 2006, U.S. Steel has been conducting random drug and alcohol testing of its probationary employees, pursuant to the terms and conditions of the basic labor agreement between U.S. Steel and the employees' union.[3] (Docket No. 3 at ¶ 15).   The EEOC contends that U.S. Steel's policy affects all probationary bargaining employees at its Clairton, Pennsylvania facility who are subject to the relevant basic labor agreement and all probationary bargaining unit employees at other facilities throughout the United States. (*Id.* at ¶¶ 15(c), 15(e)).

The EEOC seeks relief for a class of presently unidentified aggrieved employees, (*Id.* at 8 ¶ E), setting forth claims under both Sections 706 and 707 that the subject testing process violates the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112(a), (d)(4). (*Id.* at ¶¶ 1, 3, 15).   The EEOC also alleges that U.S. Steel violated the ADA because it subjected

---

[2] In evaluating a Rule 12(b)(6) Motion to Dismiss, this Court must accept the allegations as true and construe them in favor of the Plaintiff. *Birdman v. Office of the Governor,* 677 F.3d 167, 171 (3d Cir. 2012).

[3] The employees' union is also named as a Rule 19(a) defendant and is joined "because it has an interest in the language and enforcement of the collective bargaining agreement." (Docket No. 3 at ¶ 9).

probationary employees to such testing and discharged them when a positive test result occurred. (*Id.* at 2).

One such discharged employee was Plaintiff-Intervenor DeSimone, whom U.S. Steel hired on January 14, 2008. (*Id.* at ¶ 13(a)). DeSimone submitted to a breath alcohol test, which indicated the presence of alcohol on January 29, 2008. (*Id.* at ¶ 13(b) and (c)). As a result, U.S. Steel terminated her employment on February 7, 2008, despite her protests that the test was a false positive engendered by her diabetic condition. (*Id.* at ¶ 13). Thereafter, DeSimone filed a charge of discrimination with the EEOC on June 6, 2008. (Docket No. 121-1). As noted, Ms. DeSimone has since settled her individual case. (Docket No. 192).

### III. PROCEDURAL HISTORY

The EEOC filed its original Complaint on September 30, 2010 (Docket No. 1), followed by an Amended Complaint on October 13, 2010 (Docket No. 3). U.S. Steel previously filed two motions to dismiss the Amended Complaint. (Docket Nos. 23; 120). These motions were denied, without prejudice, as the parties engaged in lengthy litigation pertaining to the EEOC's filing of confidential conciliation documents in opposition to the initial motion to dismiss. (Docket Nos. 118; 170).[4] Now that the issues surrounding the confidential conciliation documents have been resolved, (Docket Nos. 118; 196), and the Court has denied U.S. Steel's request for attorneys' fees and costs, without prejudice (Docket Nos. 218; 219), U.S. Steel's Motion to Dismiss returns to the forefront of this litigation.[5]

---

[4] The factual background and procedural history concerning these motions can be found in the Court's April 5, 2012 Memorandum Opinion, wherein the Court denied EEOC's Motion for Reconsideration. (Docket No. 195).

[5] On May 3, 2012, the Court convened a Telephonic Status Conference and determined that U.S. Steel intended to renew its Motion to Dismiss. (Docket No. 203). During that Conference, EEOC also requested oral argument. (*Id.*). Hence, a briefing and argument schedule issued. (*Id.*). U.S. Steel filed its Second Renewed Motion to Dismiss, (Docket No. 205), and its Supporting Brief, (Docket No. 206), on May 9, 2012. EEOC submitted its Brief in

## IV.  STANDARD OF REVIEW

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) challenges the legal sufficiency of a complaint.  The United States Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)) (alterations in original).

As noted, the Court must accept as true all well-pleaded facts and allegations and must draw all reasonable inferences therefrom in favor of the plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009); *Twombly*, 550 U.S. at 555.  However, the "factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The Supreme Court has subsequently broadened the scope of this requirement, stating that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556).  This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).  "This 'plausibility' determination will be 'a context-specific task that requires the

---

Opposition on June 1, 2012 (Docket No. 213), which was followed by U.S. Steel's June 8, 2012 Reply, (Docket No. 216) and EEOC's June 18, 2012 Sur-Reply, (Docket No. 217).  During the briefing process, on June 5, 2012, EEOC filed a Motion to Vacate its previous request for oral argument (Docket No. 214), which the Court granted that same day (Docket No. 215).  Accordingly, U.S. Steel's Second Renewed Motion to Dismiss, (Docket No. 205), is fully briefed, (Docket Nos. 206; 213; 216; 217), and ripe for disposition.

reviewing court to draw on its judicial experience and common sense.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

After *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a district court must conduct the following analysis to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1947, 1950); *see also Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011), *cert. denied*, 2012 WL 296904 (Apr. 2, 2012); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

*Twombly* and *Iqbal* have not changed the other pleading standards for a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), and the requirements of FED. R. CIV. P. 8 must still be met. *See Burch*, 662 F.3d at 220. Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal alterations, citations, and quotations omitted). The Supreme Court has explained that a complaint need not be "a model of the careful drafter's art" or "pin plaintiffs' claim for relief to a precise legal theory" so long as it states "a plausible 'short and plain' statement of the plaintiff's claim." *Skinner v. Switzer*, ---U.S. ---, 131 S. Ct. 1289, 1296 (2011); *see also Matrixx Initiatives, Inc. v. Siracusano*, --- U.S. ---, 131 S. Ct. 1309, 1322 n.12 (2011) (emphasizing that "to survive a motion to dismiss,

respondents need only allege 'enough facts to state a claim to relief that is plausible on its face'")

(quoting *Twombly*, 550 U.S. at 570)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court may consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.,* 361 F.3d 217, 222 n. 3 (3d Cir. 2004). A document forms the basis of a claim if it is *"integral to or explicitly relied upon* in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir. 1999) (emphasis in original; internal citations and quotations omitted).

## V.   ANALYSIS

U.S. Steel has brought two separate challenges to EEOC's Amended Complaint.   The Court will first address the parties' arguments with respect to the statute of limitations defense and secondly discuss the parties' positions relating to the alleged pleading deficiencies.

### A.   *Time-Barred Claims*

1.   Parties' Arguments

U.S. Steel argues that the EEOC's Amended Complaint should be dismissed as the EEOC's claims of discrimination based on events that occurred before August 10, 2007 are time-barred. (Docket No. 205 at 1).   Specifically, U.S. Steel contends that the ADA incorporates by reference Sections 706 and 707 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 12117(a). (*Id.*).   Accordingly, U.S. Steel maintains that the EEOC may not bring an action under either Section 706 or Section 707 based on events that occurred more than 300 days before the charge that gave rise to the EEOC's case (i.e. August 10, 2007). (*Id.*).   In turn, the EEOC argues that its lawsuit is not subject to the above-cited charge-filing limitations period. (Docket No. 213

at 19).  Alternatively, the EEOC asserts that even if the scope of remedies for pattern or practice

actions brought under Section 707 is limited by the charge-filing period of Section 706, the

EEOC's claims are timely under the continuing violation doctrine. (*Id.* at 32).

    2.  <u>Application of Section 706(e)(1) to Suits Under Section 707</u>

The ADA incorporates, by reference, Sections 706 and 707 of Title VII of the Civil

Rights Act of 1964.  42 U.S.C. § 12117(a).  Thus, under Section 706, the EEOC may sue on

behalf of one or more persons aggrieved by an unlawful employment practice.  42 U.S.C. §

2000e–5(f)(1).  Under Section 707, the EEOC may "investigate and act on a charge of a pattern

or practice of discrimination, whether filed by or on behalf of a person claiming to be aggrieved

or by a member of the Commission." *Id.* at § 2000e–6(e).  Further,

> Although both a § 706 case and a § 707 case can be filed by the
> EEOC in its own name and initiated by a "Commissioner's
> charge," rather than an individual charge, the converse is not true.
> A § 707 case cannot be initiated by an individual charge, and it
> cannot be filed as a civil suit by an individual. A § 707 case is a
> "pattern or practice" case that challenges systemic, wide-spread
> discrimination by an employer. Conversely, a § 706 case seeks to
> vindicate, sometimes on a class-wide basis, the rights of aggrieved
> individuals who are challenging an unlawful employment practice
> by an employer. The distinction is subtle and not immediately
> apparent from the language of Title VII, but it is, nonetheless, an
> important distinction.

*EEOC v. GEO Group, Inc.*, Civ. A. No. 10-1995-PHX-SRB, Docket No. 172 (D. Ariz. Apr. 17,

2012) (quoting *EEOC v. Mitsubishi Motor Mfg. of Am., Inc.*, 990 F. Supp. 1059, 1084 (C.D. Ill.

1998)).

The EEOC's ability to act under Section 707, however, is subject to the procedures of

Section 706, as set forth in Section 707(e), which provides that "all such actions shall be

conducted in accordance with the procedures set forth in section 706 of this Act." *Id.* Section

706 contains the following time limitation on filing charges:

> A charge under this section shall be filed within one hundred and
> eighty days after the alleged unlawful employment practice
> occurred and notice of the charge (including the date, place and
> circumstances of the alleged unlawful employment practice) shall
> be served upon the person against whom such charge is made
> within ten days thereafter, <u>except that in a case of an unlawful</u>
> <u>employment practice with respect to which the person aggrieved</u>
> <u>has initially instituted proceedings with a State or local agency</u>
> <u>with authority to grant or seek relief from such practice or to</u>
> <u>institute criminal proceedings with respect thereto upon receiving</u>
> <u>notice thereof, such charge shall be filed by or on behalf of the</u>
> <u>person aggrieved within three hundred days after the alleged</u>
> <u>unlawful employment practice occurred</u>, or within thirty days after
> receiving notice that the State or local agency has terminated the
> proceedings under the State or local law, whichever is earlier, and
> a copy of such charge shall be filed by the Commission with the
> State or local agency.

*Id.* at 2000e–5(e)(1) (emphasis added).

U.S. Steel contends that the language of Section 707, which states that all "pattern or

practice" actions "shall be conducted in accordance with the procedures set forth in" Section

706, 42 U.S.C. § 2000e–6(e), incorporates the 300-day charge-filing requirement of Section 706.

(Docket No. 205 at 1).  The EEOC counters that the usual Title VII 300-day limitation period is

not applicable to its claims. (Docket No. 213 at 19).

This dispute appears to be an issue of first impression before this Court.  It also appears

that no Court of Appeals has addressed whether the EEOC may seek relief under Section 706 or

707 for individuals who were allegedly subjected to a discriminatory act more than 300 days

before the filing of the administrative charge prompting the EEOC's investigation.[6]  Further, no

---

[6] The Court is cognizant of *EEOC v. E.I. DuPont de Nemours & Co.*, 516 F.2d 1297 (3d Cir. 1975), wherein Judge
Aldisert held that the time limitation under Section 706(f)(1) for a private right of action is not applicable to the

clear trend has emerged in District Courts that have addressed the issue. Some courts have held that the 300 day limitations period is inapplicable to the EEOC. *See e.g., EEOC v. Sterling Jewelers, Inc.,* No. 08-CV-706, 2010 WL 86376 (W.D.N.Y. Jan. 6, 2010) (finding the 300-day statute of limitations inapplicable to the EEOC); *EEOC v. Ceisel Masonry, Inc.*, 594 F. Supp. 2d 1018 (N.D. Ill. 2009) (same); *EEOC v. LA Weight Loss,* 509 F. Supp. 2d 527 (D. Md. 2007) (same); *EEOC v. Scolari Warehouse Mkts., Inc.,* 488 F. Supp. 2d 1117 (D. Nev. 2007) (same); *EEOC v. Preferred Mgmt Corp.*, 216 F. Supp. 2d 763 (S.D. Ind. 2002) (same); *EEOC v. Dial Corp.*, 156 F. Supp. 2d 926 (N.D. Ill. 2001) (same); and *Mitsubishi Motor Mfg. of Am., Inc.,* 990 F. Supp. 1059 (same).

However, other courts have recognized that claims brought by the EEOC must follow the 300 day procedural requirement. *See e.g., EEOC v. Bass Pro Outdoor World, LLC.,* No. 4:11-cv-03425, 2012 WL 1965685 (S.D. Tex. May 31, 2012) (subjecting the EEOC to the 300-day statute of limitations); *E.E.O.C. v. Kaplan Higher Educ. Corp.*, No. 1:10 CV 2882, 2011 WL 1775746 (N.D. Ohio May 10, 2011) (same); *EEOC v. Carolls Corp.*, No. 5:98-CV-1772, 2011 WL 817516 (N.D.N.Y. Mar. 2, 2011) (same); *E.E.O.C. v. Bloomberg L.P.*, 751 F. Supp. 2d 628 (S.D.N.Y. 2010) (same); *EEOC v. O'Reilly Auto. Inc.*, No. H-08-2429, 2010 WL 5391183 (S.D. Tex. Dec. 14, 2010) (same); *EEOC v. Freeman*, No. RWT 09cv2573, 2010 WL 1728847 (D. Md. Apr. 27, 2010) (same); *E.E.O.C. v. CRST Van Expedited, Inc.,* 615 F. Supp. 2d 867 (N.D. Iowa 2009) (same); *EEOC v. Burlington Med. Supplies, Inc.,* 536 F. Supp. 2d 647 (E.D. Va. 2008) (same); *EEOC v. Custom Co., Inc.,* No. 02 C 3768, 03 C 2293, 2004 WL 765891 (N.D. Ill.

---

EEOC. *Id.* at 1300. However, *DuPont* did not consider the issue in the instant case, i.e. the application of Section 706(e)(1) to pattern or practice suits under Section 707 and is therefore not controlling in this case.

9

Apr. 7, 2004) (same); *EEOC v. Optical Cable Corp.,* 169 F. Supp. 2d 539 (W.D. Va. 2001)

(same); and *EEOC v. Sears, Roebuck & Co.,* 490 F. Supp. 1245 (M.D. Ala. 1980) (same).

After careful study, the Court adopts the following analysis, set forth by the United States

District Court for the District of Maryland in *EEOC v. Freeman*:

> The Court need not look any farther than the plain language of Section
> 706(e)(1) to conclude that the class of individuals for whom the EEOC can
> seek relief is limited to those who could have filed an EEOC charge
> during the filing period. Section 706(e)(1) clearly bars claims from
> individuals who failed to timely file charges. *See* 42 U.S.C. § 2000e-
> 5(e)(1) ("[A] charge shall be filed by or on behalf of the person aggrieved
> within three hundred days after the alleged unlawful employment practice
> occurred ...."). Nothing in the text of Section 706 or 707 suggests that the
> EEOC can recover for individuals whose claims are otherwise time-
> barred. If Congress intended to make an exception for the EEOC to revive
> stale claims under Sections 706 and 707, it should have said so. The plain
> language of Section 706(e)(1), which is incorporated into Section 707 via
> subsection (e), precludes the EEOC from seeking relief for individuals
> who were not subjected to an unlawful employment practice during the
> 300 days before the filing of the triggering charge.

2010 WL 1728847, at *4. This Court, like the United States District Court for the District of

Maryland in *Freeman*, *supra*, concludes that the language of Section 707, which states that all

"pattern or practice" actions "shall be conducted in accordance with the procedures set forth in"

Section 706, 42 U.S.C. § 2000e–6(e), incorporates the 300–day charge-filing requirement of

Section 706. The Court arrives at this conclusion based on the plain language of Sections 706

and 707.[7] Accordingly, under Section 707, the EEOC may not seek relief for individuals who

---

[7] As the Court finds the plain language of the statute controlling in this case, the Court declines to address legislative
history and congressional intent. *United States v. Gregg*, 226 F.3d 253, 257 (3d Cir. 2000) (stating that "if the
language of the statute expresses Congress's intent with sufficient precision, the inquiry ends there and the statute is
enforced according to its terms."); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001).

were discriminated against more than 300 days before the filing of the administrative charge prompting the EEOC's investigation.[8]

In evaluating a Rule 12(b)(6) Motion to Dismiss, this Court must accept the Plaintiff's allegations as true and construe them in favor of the Plaintiff. *Birdman,* 677 F.3d at 171.  The facts alleged in the Amended Complaint, properly viewed in the light most favorable to the EEOC, state that the EEOC seeks to recover for events that occurred as early as January 2006. (Docket No. 3 at ¶ 15(a)).   However, the EEOC's claim grew out of DeSimone's charge of discrimination, which was filed on June 6, 2008. (Docket No 206-1).[9]  As a result, any claims of discrimination based on events that occurred before August 10, 2007 (which is 300 days before the June 6, 2008 charge that gave rise to EEOC's instant lawsuit) are time barred and should, therefore, be dismissed.

3. Application of the Continuing Violation Doctrine

It is well settled that the continuing violation doctrine creates an equitable exception to the statute of limitations, as it renders actionable incidents that predate the 300-day charging period, so long as a plaintiff can demonstrate an ongoing pattern of discrimination and that at least one act of discrimination occurred during the charging period. *See Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001); *Jacoby v. Bethlehem Suburban Motor Sales*, 820 F. Supp. 2d 609, 617 (E.D. Pa. 2011).  Significantly,

---

[8] The Court notes that "the EEOC's ability to root out systemic discrimination in the workplace is not hampered by the application of § 706(e)(1). The time limitation will primarily prevent the EEOC from recovering monetary damages on behalf of individuals with stale claims." *Kaplan*, 2011 WL 1775746, at *4.

[9] U.S. Steel attached Plaintiff-Intervenor DeSimone's Charge of Discrimination to its Brief in Support of its Second Renewed Motion to Dismiss. (Docket No. 206-1).  The Court may consider it because in deciding a Rule 12(b)(6) motion to dismiss, the Court may consider "matters of public record, and documents that form the basis of a claim." *Lum,* 361 F.3d at 222 n. 3. A document forms the basis of a claim if it is *"integral to or explicitly relied upon* in the complaint." *In re Rockefeller,* 184 F.3d at 287.  Here, in paragraph 12 of its Amended Complaint, the EEOC expressly references DeSimone's EEOC Charge. (Docket No. 3 at ¶ 12).  In addition, the EEOC has not objected to the Court's consideration of this document.

In *National RR Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), the U.S. Supreme Court limited the applicability of the continuing violation doctrine, holding that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."[10] That is because "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* In *Morgan,* the Court held that the continuing violation doctrine is not applicable to "[d]iscrete acts such as termination, failure to promote, denial of transfer or refusal to hire" because "[e]ach [such] incident of discrimination ... constitutes a separate actionable 'unlawful employment practice'". *Id.* at 114. [The United States Court of Appeals for the Third Circuit] has stated that in addition to those discrete acts listed in *Morgan,* other discrete acts that constitute a separate actionable claim include: "wrongful suspension, wrongful discipline, denial of training, [and] wrongful accusation." *O'Connor v. City of Newark,* 440 F.3d 125, 127 (3d Cir. 2006). As explained in *O'Connor,* "causes of action that can be brought individually expire with the applicable limitations period." *Id.* at 128.[11]

*Wheeler v. Pennsylvania Dept. of Corr.,* No. 07-323, 2009 WL 1653555, at *5 (W.D. Pa. June 11, 2009).

*Wheeler* recognized that pat-down searches and electronic drug residue screening pursuant to an employer policy are discrete acts which are not actionable as part of a continuing violation. *See Wheeler,* 2009 WL 1653555, at *5; *see also, Robinson v. Jackson Pub. Sch.*

___

[10] *Morgan* noted that the time limitation does not bar an employee from using the prior acts as background evidence in support of a timely claim. *Morgan,* 536 U.S. at 113. This Court would likely permit same in this case, as it has previously ruled similarly in *Mavrinac v. Emergency Med. Ass'n. of Pittsburgh,* No. 04-CV-1880, 2007 WL 2908007 (W.D. Pa. Oct. 2, 2007). *See also,* Jason R. Bent, *What the Lilly Ledbetter Fair Pay Act Doesn't Do: "Discrete Acts" and the Future of Pattern or Practice Litigation,* 33 Rutgers L. Rec. 31 (2009); J. Bryan Wood, *Nat'l R.R. Passenger Corp. v. Morgan: Implications for Pattern or Practice Claims, Disparate Impact Claims, and Class Actions,* Practising Law Institute Litigation and Administrative Practice Course Handbook Series, PLI Order No. 8483 (June 2006); Amanda J. Zaremba, *National Railroad Passenger Corp. v. Morgan: The Filing Quandary for Legally Ill-Equipped Employees and Eternally Liable Employers,* 72 U.Cin.L.Rev. 1129 (2004).
[11] "*Morgan* was not a pattern or practice claim and declined to consider the timely filing question of pattern or practice claims brought by private litigants. The definitions it sets forth for discrete claims and its discussion of the continuing violations doctrine, however, are valuable." *Kaplan,* 2011 WL 1775746, at n.5.

*Dist.*, No. 3:08cv135–DPJ–FKB, 2011 WL 198127, at *3 n.2 (S.D. Miss. Jan. 20, 2011) (drug test and termination of employment are discrete acts, which cannot revive prior claims).   Courts have also held that, multiple applications of an employer policy to different individuals on separate occasions would constitute multiple violations and not a single continuing violation. *See Hohider v. UPS*, 574 F.3d 169, 195 (3d Cir. 2009) (recognizing the individualized inquiry as to whether the application of a policy has violated the ADA and suggesting that each application of the unlawful policy must be viewed as a distinct violation rather than as one continuing violation).   Moreover, in a pattern or practice case, the discrete decisions to terminate employment or to conduct pat-down searches or drug screenings cannot be linked together to create a continuing violation, as a termination occurs on a readily-identifiable date certain, and is subject to the time limitation of Section 706(e)(1).  *Kaplan*, 2011 WL 1775746, at *5.  "The fact that this section 707 action alleges a sort of serial violation involving discrete acts does not convert 'related discrete acts into a single unlawful practice for purposes of timely filing.'" *Bloomberg*, 751 F. Supp. 2d at 647 (quoting *Morgan,* 536 U.S. at 111).   Nor can the EEOC satisfy the continuing violation doctrine by linking "together a series of decisions…under the label of pattern or practice [because doing so] does not change the fact that each decision […] is discrete." *Id.* at 647-48 (quoting *Freeman*, 2010 WL 1728847, at *6); *see also*, *EEOC v. PBM Graphics, Inc.*, No. 1:11-cv-805, 2012 WL 2513512, at *13 (M.D.N.C. June 28, 2012); *Bass Pro Outdoor World,* 2012 WL 1965685, at *20.

Drug tests, drug residue screenings and termination of employment are discrete acts as they occur on a readily identifiable date certain and each constitutes a separate employment practice. *See Morgan,* 536 U.S. at 114; *Wheeler*, 2009 WL 1653555, at *5; *Robinson*, 2011 WL

198127, at *3 n.2.   Similarly, this Court holds that the performance of random breath alcohol tests constitute discrete acts because each random breath alcohol test occurs on a readily-identifiable date certain and therefore constitutes a separate employment practice.   This Court thus rules that each application of U.S. Steel's policy, if unlawful, constitutes a distinct violation. *See Hohider*, 574 F.3d at 195.

The only alleged test described in the Amended Complaint is the test which was administered to DeSimone on January 29, 2008. (Docket No. 3 at ¶ 13(b) and (c)).   That test result prompted her firing on February 7, 2008, (*Id.* at ¶ 13(h)), which, in turn caused her to file a Charge of Discrimination with the EEOC on June 6, 2008 (Docket No. 206-1).   Thus, any claims of discrimination based on events that occurred before August 10, 2007 (which is 300 days before the June 6, 2008 charge that gave rise to EEOC's instant lawsuit) are time barred.

4.   Conclusion

Based on the foregoing, U.S. Steel's Second Renewed Motion to Dismiss is granted to the extent that the EEOC may not seek relief for individuals who were subject to an alcohol breath test and/or termination due to same more than 300 days before the filing of the administrative charge prompting the EEOC's investigation in this case. All such claims of discrimination based on events that occurred before August 10, 2007 are therefore dismissed, with prejudice.

B. *Class Claim*

1.   Parties' Arguments

U.S. Steel next asserts that EEOC's class claim should be dismissed under *Iqbal* and *Twombly* because the EEOC has failed to specifically plead that it has met its statutory pre-suit

obligations to investigate, issue reasonable cause findings and conciliate its claims, or to name any of the presently unidentified aggrieved employees who make up the purported class. (Docket Nos. 205 at 1; 216 at 15).   In turn, the EEOC contends that it has met all of the required conditions precedent to suit and that pursuant to Rule 9(c) of the Federal Rules of Civil Procedure, it is not required to allege specific facts to demonstrate satisfaction of conditions precedent. (Docket No. 213 at 8-9).   The EEOC also maintains that it is not required to name any of the presently unidentified aggrieved employees who make up the purported class. (*Id.* at 9-10).   The Court will address each contention separately.

  2. *Iqbal, Twombly* and Rule 9(c)

  Rule 9(c) of the Federal Rules of Civil Procedure provides that a party is not required to allege specific factual matters with respect to the satisfaction of conditions precedent. *See* FED. R. CIV. P. 9(c).   Specifically, Rule 9(c) provides that:

> In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.   But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

FED. R. CIV. P. 9(c).

  In this Court's estimation, the Supreme Court's decisions in *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662, do not eviscerate Rule 9(c). Those decisions construed the general pleading standard under Rule 8 and did not address Rule 9(c)'s standard for pleading conditions precedent.[12]   Therefore, this Court determines that *Twombly* and *Iqbal* cannot be applied in a way which overrides the language of Rule 9(c), since they involved the interpretation of a

---

[12] U.S. Steel cites cases which apply *Iqbal* and *Twombly* to conditions precedent, however those cases fail to address Rule 9(c). *See e.g., Napster, LLC v. Rounder Records Corp.*, 761 F. Supp. 2d 200, 206 (S.D.N.Y. 2011); *Sunlight Elec. Contracting Co., Inc. v. Turchi*, No. 08-5834, 2011 WL 4086077, at *12 n. 12 (E.D. Pa. Sept. 13, 2011); *Restrepo v. Wells Fargo Bank, N.A.*, No. 09-22436-CIV, 2010 WL 374771, at *3 (S.D. Fla. Feb. 3, 2010).

different rule.   Several courts have construed Rule 9(c) as to conditions precedent in the employment context to the same effect. *See e.g., Bass Pro Outdoor World,* 2012 WL 1965685, at *18;   *EEOC v. Serv. Temps, Inc.*, No. 3:08-CV-1552-D, 2010 WL 1644909, at *3-5 (N.D. Tex. Apr. 22, 2010).[13]   Accordingly, pursuant to Rule 9(c), the EEOC's Amended Complaint properly pleads that all conditions precedent to suit have been satisfied. (Docket No. 3 at ¶ 12).

3. <u>Identities of Aggrieved Employees</u>

Next, the Court will consider whether the EEOC is required to name the presently unidentified aggrieved employees who make up the purported class.   Throughout the Amended Complaint, the EEOC refers to a class of presently unidentified aggrieved probationary employees, who are or were subject to U.S. Steel's random alcohol testing policy, at its facility in Clairton, Pennsylvania and other facilities throughout the United States. (*Id*. at ¶ ¶ 13, 15; *Id.* at 8 ¶  E).

A number of decisions have held that the EEOC can seek relief for individuals situated similarly to the charging party and it is not required to identify every potential class member in its complaint.   For example, the United States Court of Appeals for the Third Circuit determined that "the EEOC is not required to provide documentation of individual attempts to conciliate on behalf of each potential claimant." *E.E.O.C. v. Rhone–Poulenc, Inc.,* 876 F.2d 16, 17 (3d Cir. 1989).   In *EEOC v. Keco Indus. Inc.,* 748 F.2d 1097, 1101 (6th Cir. 1984), the charging party

---

[13] Although the following cases do not involve employment actions, they are also persuasive. *See e.g., Cave v. Saxon Mortgage Serv., Inc.*, No. 11-4586, 2012 WL 1957588, at *7 (E.D. Pa. May 30, 2012); *Cellco P'ship v. In Touch Concepts, Inc.*, No. 11-6493, 2012 U.S. Dist. LEXIS 75918, at *2 (D. N.J. May 31, 2012); *Sviridyuk v. BAC Home Loan Servicing, LP*, No. 3:11-cv-01107-SI, 2012 WL 174791, at * 3 (D. Or. Jan. 20, 2012); *Mendez v. Bank of America Home Loans Servicing, LP*, No. 11-cv-1516, 2012 WL 112506, at * 7 (E.D. N.Y. Jan. 14, 2012); *Kmart Corp. v. Footstar*, Inc., No. 09 C 3607, 2010 WL 1541296, at *5 (N.D. Ill. Apr. 14, 2010); *El-Ad Residences v. Mt. Hawley Ins. Co.*, Nos. 09-CV-60723, 09-CV-60726, 2009 WL 3019786, at *2 (S.D. Fla. Sept. 23, 2009); *Patel v. Baluchi's Indian Rest.*, No. 08 Civ. 9985, 2009 WL 2358620, at *8 (S.D.N.Y. July 30, 2009); *27th Avenue Invs, Inc. v. Aspen Specialty Ins. Co.*, No. 08-20080-CIV, 2008 WL 3270811, at * 2 (S.D. Fla. Aug. 8, 2008).

alleged sex discrimination and the EEOC found that the employer had discriminated against females generally, and brought suit on behalf of all female employees. The United States Court of Appeals for the Sixth Circuit held that the class-based claim could have reasonably been expected to grow out of the individual charge, because the only difference was the number of persons victimized by the defendant's discriminatory practices. *Id.*

Similarly, the United States District Court for the Eastern District of Pennsylvania relied on *Rhone-Poulenc* and *Keco* to determine that the EEOC may

> Enlarge the scope of a charge filed by an individual if it uncovers related, additional violations during the course of an investigation [and that a] complaint filed by the EEOC is not confined to the charge originally filed, rather, it is limited to the investigation reasonably expected to grow out of the initial charge of discrimination.

*EEOC v. Equicredit Corp. of Am.*, No. 12-CV-844, 2002 WL 31371968, at *4 (E.D. Pa. Oct. 8, 2002) (internal quotation marks omitted). *See also, EEOC v. Bare Feet Shoes of PA, Inc.*, No. 04-3788, 2006 WL 328355, at *3 (E.D. Pa. Feb. 10, 2006) (recognizing that the EEOC may bring claims on behalf of individuals who have not filed a charge of discrimination with the EEOC); *EEOC v. Dial, Corp.,* 156 F. Supp. 2d 926, 938 (N.D. Ill. 2001) (finding no "relevant authority indicating that the EEOC violated its statutory 'notice' obligation in failing to identify every class member during the administrative process"); *EEOC v. United Parcel Serv.*, 860 F.2d 372, 374, 376 (10th Cir. 1988) (stating that "under Title VII, the EEOC need not produce an injured party when seeking to challenge an allegedly discriminatory policy that may affect unidentifiable members of a known class"); *EEOC v. Fed. Reserve Bank,* 84 F.R.D. 337, 340 (W.D. Tenn. 1979) (noting that EEOC need not identify all potential class members; proper

standard is to require EEOC to "identify the general outlines of the membership of the class at the outset of the litigation").

Significantly, several courts have reached the same conclusion after *Iqbal* and *Twombly*. *See e.g., PBM Graphics, Inc.*, 2012 WL 2513512, at *7 (recognizing that the EEOC's complaint was not deficient for failing to identify every class members); *Bass Pro Outdoor World*, 2012 WL 1965685, at *17 (noting that the EEOC is not obligated to identify all class members in its complaint); *EEOC v. Dillard's Inc.*, No. 08–CV–1780–IEG, 2011 WL 2784516, at *6 (S.D. Cal. July 14, 2011) (noting that the "EEOC can seek relief for individuals situated similarly to the charging party and is not required to identify every potential class member"); *EEOC v. JP Morgan Chase Bank, N.A.*, No. 2:09-cv-864, 2011 WL 3328737, at *8 (S.D. Ohio July 6, 2011) (recognizing that the complaint "must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination"); *EEOC v. Thomas Dodge Corp. of N.Y.*, 524 F. Supp. 2d 227, 236 (E.D.N.Y. 2007) (citing *Keco*, 748 F.2d at 1101).

This Court agrees with these decisions and likewise holds that *Iqbal* and *Twombly* do not require the EEOC to name all of the potential class members in its Amended Complaint. The Court acknowledges U.S. Steel's emphasis on *EEOC v. CRST Van Expedited, Inc.*, 670 F.3d 897 (8th Cir. 2012). (Docket Nos. 206; 216). However, the Court notes that the Eighth Circuit's holdings in *CRST* are not binding on this Court. Further, the rulings in *CRST* followed extensive discovery and were made at the summary judgment stage, when the Court may fully consider all of the record evidence. *See Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). Accordingly, based on the foregoing analysis, EEOC's Amended Complaint does not improperly seek relief for a class of presently unidentified aggrieved employees.

18

4.  <u>Statutory Pre-Suit Obligations</u>

The final matter to address is U.S. Steel's contention that the EEOC's class claim should be dismissed because the EEOC failed to satisfy all of its statutory pre-suit obligations.  To this end, U.S. Steel relies in part on Western District precedent.  "When EEOC sues in its own name, it may litigate only those claims which have been subjected to the complete administrative processing required by Title VII." *EEOC v. E. Hills Ford Sales, Inc.*, 445 F. Supp. 985, 987 (W.D. Pa. 1978).  Before it can initiate a civil suit, Title VII requires the EEOC to: (1) receive a charge from an individual and to notify the employer of the charge, (2) investigate that charge and related charges, (3) determine that "reasonable cause" exists to believe that discrimination occurred, and (4) attempt conciliation of all charges against the employer. *See* 42 U.S.C. § 2000e–5(b).  Every step in the statutory scheme, including notice, investigation, determination and conciliation "is intended to be a condition precedent to the following step and, ultimately, to suit." *EEOC v. Allegheny Airlines*, 436 F. Supp. 1300, 1304 (W.D. Pa. 1977).

The Court has held that the EEOC has met the requisite pleading standard for conditions precedent.  Further, in this Court's view, the EEOC is not required to name all of the class members in its Amended Complaint. *Keco*, 748 F.2d at 1101.  The Court now turns to U.S. Steel's assertions that the EEOC has failed to engage in pre-suit obligations as described above. It is this Court's opinion that such assertions cannot be evaluated at this stage of the litigation. The Court's further analysis follows.

In evaluating a Rule 12(b)(6) motion to dismiss, the Court is limited to considering the allegations in the Amended Complaint (viewed in the light most favorable to the plaintiff), exhibits attached to the Amended Complaint, matters of public record, and documents that form the basis of a claim. *See Birdman*, 677 F.3d at 171; *Lum*, 361 F.3d at 222 n. 3.  Even if it were

appropriate to consider additional evidence at this juncture, the parties have not provided the Court with any evidence regarding whether the EEOC met the conditions precedent to suit.[14] Indeed, the conciliation documents which the EEOC attempted to inject into this litigation have been stricken from the Court's record, based upon U.S. Steel's objection to their filing.[15] (Docket Nos. 118; 195). Further, as discovery in the instant case is phased, there has not yet been any class discovery.[16] Moreover, statutory pre-suit obligation cases on which U.S. Steel relies were all determined on a Rule 12(b)(1) motion to dismiss or at the summary judgment stage, when the Court may fully consider all of the evidence outside of the pleadings. *See e.g., CRST Van Expedited, Inc.*, 670 F.3d 897; *EEOC v. GEO Group, Inc.*, Civ. A. No. 10-1995-PHX-SRB, Docket No. 172 (D. Ariz. Apr. 17, 2012); *Dillard's, Inc.*, 2011 WL 2784516; *EEOC v. Cintas Corp.*, Nos. 04–40132, 06–12311, 2010 WL 3733978 (E.D. Mich. Sept. 20, 2010); *EEOC v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250 (D. Colo. 2007); *EEOC v. Jillian's of Indianapolis, IN, Inc.,* 279 F. Supp. 2d. 974 (S.D. Ind 2003); *E. Hills Ford Sales, Inc.*, 445 F. Supp. 985; *Allegheny Airlines*, 436 F. Supp. 1300. Therefore, the arguments U.S. Steel advances in its Second Renewed Motion to Dismiss are premature to the extent that it seeks dismissal of the class claim for the alleged failure of the EEOC to satisfy all of its pre-suit obligations.

---

[14] All U.S. Steel provided was Plaintiff-Intervenor DeSimone's Charge of Discrimination. (Docket No. 206-1).

[15] As detailed in this Court's April 5, 2012 Memorandum Opinion, EEOC filed confidential conciliation documents in opposition to U.S. Steel's initial motion to dismiss, wherein U.S. Steel challenged EEOC's satisfaction of its conditions precedent to suit. U.S. Steel objected to EEOC's filing of the conciliation documents, arguing that the EEOC was prohibited from disclosing them by statute, specifically, 42 U.S.C. § 2000e-5(b). Given same and a decision of this Court, *EEOC v. LifeCare Management Services, Inc.*, No. 10-1358, 2009 WL 772834 (W.D. Pa. Mar. 17, 2009), wherein Judge McVerry found that he must recuse himself after viewing proposed conciliation agreements and correspondence exchanged between the parties, this Court entered an Order, with agreement of counsel, referring consideration of the matter to Special Master Sally Cimini, Esquire. Thereafter, the Court adopted the Special Master's Supplemental Report and Recommendation, finding that EEOC violated 42 U.S.C. § 2000e-5(b) and striking the conciliation documents from the record. (*See* Docket No. 195).

[16] *See* December 29, 2011 Memorandum Opinion at Docket No. 164.

5.   Conclusion

Based on the foregoing, the EEOC has met the requisite pleading standard for conditions precedent and is not required to name all of the class members in its Amended Complaint.   In addition, at this stage of the litigation it is premature to determine whether the EEOC failed to engage in pre-suit obligations.   For these reasons, the Court denies Defendant's Motion to Dismiss the EEOC's class claim, without prejudice.

**VI. CONCLUSION**

Based on the foregoing, Defendant's Motion to Dismiss is GRANTED, IN PART and DENIED, IN PART.   An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf:  All counsel of record

Date: July 23, 2012