IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES STEEL CORPORATION, et al., <br><br> *Defendants*. | Judge Nora Barry Fischer <br><br> Civil Action No. 2:10-CV-1284 <br><br> *Electronically Filed* |

**DEFENDANT UNITED STATES STEEL CORPORATION'S
MOTION FOR SUMMARY JUDGMENT AGAINST
THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Pursuant to Federal Rule of Civil Procedure 56 and for the reasons more fully set forth in the accompanying memorandum in support, Defendant United States Steel Corporation ("U. S. Steel") moves this Court to dismiss, with prejudice, The Equal Employment Opportunity Commission's ("EEOC") Amended Complaint. In its Amended Complaint, the EEOC alleges that U. S. Steel violated the Americans with Disabilities Act ("ADA") by having in place a policy for random alcohol testing of probationary employees.

U. S. Steel's random alcohol testing policy does not violate the ADA for at least four independent reasons, all of which are discussed in detail in U. S. Steel's contemporaneously-filed Brief in Support of this Motion for Summary Judgment:

- *First*, U. S. Steel's collectively-bargained practice of random alcohol testing of probationary employees is job-related and consistent with business necessity;

- *Second*, the sub-regulatory enforcement guidance regarding random alcohol testing on which EEOC appears to rely to support its claims deserves no deference;

- ***Third***, U. S. Steel's alcohol testing policy is part of a voluntary health and safety program negotiated with, and agreed to, by U. S. Steel employees' collective bargaining representative and accepted by individual employees at the outset of their employment; and

- ***Fourth***, U. S. Steel's program of random alcohol testing is necessitated by the Company's obligations under federal safety and environmental laws and regulations.

Thus, EEOC's claims related to this policy are meritless.

Additionally, the nationwide class claims must be dismissed because the EEOC plainly failed to complete the requisite multistep enforcement procedure for these claims prior to filing the present suit. The EEOC cannot now use discovery to satisfy its pre-suit obligations.

Because there are no genuine issues of material fact, U. S. Steel is entitled to and now requests that summary judgment be granted in its favor, and that the EEOC's Amended Complaint be dismissed in its entirety with prejudice.

A proposed Order is attached hereto.

-3-

Dated:  September 14, 2012                             Respectfully submitted,


/s/ Amy E. Dias
Amy E. Dias, Esq. (Pa. ID 52935)
aedias@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
202-879-3939
202-626-1700 (fax)

M. Cristina Sharp (Pa. ID 83864)
mcsharp@uss.com
United States Steel Corporation
600 Grant Street, Room 1500
Pittsburgh, PA  15219
412-433-2864
412-433-2811 (fax)

Eric S. Dreiband (*admitted pro hac vice*)
esdreiband@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
202-879-3939
202-626-1700 (fax)

**Counsel for Defendant,**
**United States Steel Corporation**